# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                                  )
                                  )  ID No. 0909018475 A/B
                                  )
      v.                       )
                                  )
MICHAEL T. WASHINGTON,   )
                                  )
      Defendant,          )
                                  )

Submitted: August 30, 2023[1]
Decided: August 30, 2023


*Upon Defendant's Motion for Certification and Acceptance of an Interlocutory Appeal*
**DENIED.**

**ORDER**


Carolyn Hake, Esquire, Deputy Attorney General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801.

Michael Washington, James T. Vaugh Correctional Center, 1181 Paddock Road, Smyrna, DE, *pro se.*


**WHARTON, J.**

---

[1] Although the Motion was filed on August 8, 2023, this Court was without jurisdiction to hear it due to Washington's appeal of its denial of his motion to compel. On August 30, 2023, the Delaware Supreme Court sent a certified copy of its Order of August 14, 2023 dismissing Washington's appeal to the Clerk of this Court.

This 30th day of August, 2023, having considered Michael T. Washington's ("Washington") Motion for Certification of and Acceptance of an Interlocutory Appeal,[2] it appears to the Court that:

1. In November, 2010, Washington was convicted by a Superior Court jury of two counts of each of Manslaughter and Possession of a Firearm During the Commission of a Felony ("PFDCF") in the shooting deaths of Leighton Francis and Amin Guy, and, in a subsequent bench trial, an additional severed count of Possession of a Firearm by a Person Prohibited ("PFBPP").[3] Washington was sentenced on February 11, 2011, to eighty-six years of imprisonment at Level V, suspended after sixty-four years for decreasing levels of supervision.[4]

2. Washington appealed his convictions to the Delaware Supreme Court. He raised two issues on appeal: (1) the prosecutor committed misconduct when she referred to a cell phone call during her opening statement, and (2) the State's ballistic expert testified at trial, contrary to his report, that bullet fragments recovered in the 700 block of E. 10th Street "matched" those recovered from the victim's bodies.[5] The Delaware Supreme Court affirmed Washington's convictions.[6]

---

[2] D.I. 226.
[3] *Washington v. State,* 2011 WL 4908250, at *1 (Del. 2011).
[4] *Id.*
[5] *Id.*, at *3-4.
[6] *Id.*

3.     On March 7, 2012, Washington filed a timely *pro se* motion for postconviction relief pursuant to Rule 61.[7]  Later, Washington filed an Amended Motion for Postconviction Relief on August 7, 2012.[8]  Then, on February 25, 2013, Washington filed a Motion for Appointment of Counsel.[9]  After supplementation of the record by trial counsel, appointment of postconviction counsel, the State's response, and postconviction counsel's motion to withdraw, Washington filed amendments to his *pro se* motion for postconviction relief in March 2016.[10]  Ultimately, Washington's postconviction relief motion was denied by the Superior Court.[11]  The Supreme Court affirmed that decision.[12]

4.     On May 24, 2017, Washington filed a timely petition for federal habeas relief.[13]  In April of 2019, Washington moved to stay the federal proceedings to "argue the newly discovered evidence in the Superior Court in order to properly exhaust his remedies and avoid any procedural issue[s]… in this district court."[14]  The District Court granted his motion and stayed the matter.[15]  On August 30, 2019, Washington filed his second *pro se* Motion for Postconviction Relief and a Motion

---

[7] D.I. 64.
[8] D.I. 77.
[9] D.I. 95.
[10] D.I. 139.
[11] *State v. Washington,* 2016 WL 6248462 (Del. Super. 2016).
[12] *Washington v. State,* 2017 WL 1573119 (Del. 2017).
[13] State's Resp. to Def.'s Second Mot. for Postconviction Relief, at 4, D. I. 182.
[14] Def.'s Second Mot. for Postconviction Relief, at 9, D.I. 173.
[15] *Id.*

for Appointment of Counsel.[16]  On September 9, 2019, the Court directed the appointment of counsel.[17]  Then, through counsel, Washington filed an amended second motion on April 28, 2020.[18]  The State filed its Response on March 1, 2021.[19]  Next, postconviction counsel sought, and was granted a stay of his reply until the Delaware Supreme Court issued its opinion in *Purnell v. State*.[20]  That opinion was issued on June 17, 2021. Washington filed reply to the State's response on July 27, 2021.[21]  The State responded to Washington's reply on Aug. 26, 2021.[22]

5.  In his second postconviction relief motion, Washington contended he was entitled to postconviction relief because newly discovered evidence created a strong inference that he was "actually innocent."  He argued three pieces of new evidence existed that undermined confidence in the result of his trial.  First, inmate witness Christopher Waterman ("Waterman") recanted his testimony.[23]  Second, inmate witness Isaiah Fields ("Fields") was the beneficiary of a tacit sentence reduction agreement that was not disclosed to the defense, resulting in a *Brady* violation.[24]  Third, the State's expert ballistics witness, Forensic Firearms Examiner

---

[16] Def.'s Mot. for Postconviction Relief, D.I. 163, 164.
[17] D.I. 165.
[18] Def.'s Second Mot. for Postconviction Relief, D.I. 173.
[19] State's Resp. to Def.'s Second Mot. for Postconviction Relief, D.I.
[20] 254 A.3d 1053 (Del. 2021).
[21] Def.'s Second Mot. For Postconviction Relief Reply to State's Resp., D.I. 197.
[22] State's Resp. to Def.'s Reply Brief, D.I. 199.
[23] Def.'s Second Mot. for Postconviction Relief, at 12, D.I, 173.
[24] *Id.*

4

Carl Rone ("Rone") misled the jury by misrepresenting his credentials and his identification methods have been shown to be "subjective and unreliable."[25] The State argued Washington was procedurally barred from asserting a claim under Rule 61 because: (1) it was untimely; (2) it was a successive motion; and (3) his claims related to Fields and Rhone were not raised on direct appeal or in his first postconviction relief motion.[26] Additionally, the State argued that Washington had failed to overcome the bars to relief erected by Rule 61 because his claims were neither newly discovered, nor did they establish actual innocence.[27]

6.     On November 9, 2021, this Court denied Washington's Second postconviction relief motion.[28] This Court held that Washington's motion was procedurally barred under Rule 61 because it was untimely, successive, and raised grounds not asserted previously. Further, the Court held that Washington failed to overcome those bars because the evidence he produced was either not newly discovered, failed to establish actual innocence, or both.[29] The Delaware Supreme Court affirmed this Court on April 7, 2022.[30]

---

[25] *Id.*
[26] State's Resp. to Def.'s Second Mot. for Postconviction Relief, at 11-15, D.I. 182.
[27] *Id.*, at 9.
[28] *State v. Washington,* 2021 WL 5232259 (Del. Super. Ct. Nov. 9, 2021).
[29] *Id.*
[30] *Washington v. State,* 2022 WL 1041267 (Del. 2022).

7.     Washington then asked this Court to set aside its judgment denying his second postconviction relief motion and grant him a new trial. He moved under Superior Court Civil Rules 60(b)(1), (3) and (6) and 55(c).[31] Rules 60(b)(1), (3) and (6) permit relief from a judgment due to mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, or other misconduct by an adverse party, or any other reason justifying relief. Rule 55(c) provides for relief from default judgments. A second motion, captioned Motion to Amend and Supplement appeared only to seek to amend the motion to include a reference to Superior Court Criminal Rule 57(d). That rule allows the application of an appropriate civil rule when no criminal rule applies. Treating the motion as one for postconviction relief under Rule 61, this Court summarily dismissed it as barred for substantially the same reasons it determined that his previous second Rule 61 motion was barred.[32] That decision was affirmed on September 6, 2022.[33]

8.     On May 25, 2023, Washington moved to compel the various lawyers who had represented him in the course of this now closed litigation to produce their files to him.[34] The Court ascertained that Patrick J. Collins, Esquire, as the last attorney to represent Washington, was the only lawyer in possession of

---

[31] D.I. 205.
[32] *State v. Washington,* 2022 WL 1656008, at *2 (Del. Super. May 24, 2022).
[33] *Washington v. State,* 2022 WL 4088664 (Del. Sept. 6, 2022).
[34] D.I. 214.

Washington's file.[35]  It also learned that Mr. Collins, over the years, had sent Washington substantially all of what he was seeking.[36]  The Court noted that Washington had nothing pending before the Court, and had exhausted his postconviction relief remedies in the Superior Court.[37]  Thus, the Court considered the matter an attorney/client dispute unsuited for Court intervention and denied the motion.[38]

9.    Washington appealed that decision.  On August 14, 2023, the Delaware Supreme Court entered an order dismissing his appeal because it had no jurisdiction to consider it as an interlocutory appeal.[39]

10.   Perhaps anticipating the Supreme Court's action, Washington moved for certification of an interlocutory appeal on August 8th.[40]  In the motion, he asserts he has met the requirements of Supreme Court Rule 42, without elaboration, except to repeat his claim before this Court that Mr. Collins is withholding exculpatory evidence that can show his innocence.[41]

11.    After considering the motion, the Court finds that its order denying Washington's Motion to Compel the production of his file does not determine a

---

[35] D.I. 219.
[35] D.I. 222.
[37] D.I. 219.
[38] *Id.*
[39] *Washington v. State,* 2023 WL 5218143 (Del. Aug. 14, 2023).
[40] D.I. 226.
[41] *Id.*

substantial issue of material importance that merits appellate review before a final judgment, and denies the application. In making this determination, the Court has considered the criteria of Supreme Court Rule 42(b)(iii) even though Washington did not present argument directed specifically to any of them, and concluded as follows as to each criterion:

a. **Rule 42(b)(iii)(A).** The Court finds that the interlocutory order does not contain a question of law resolved for the first time in this State. Whether the Court is required to consider a motion to compel when there is no underlying matter pending before the court is not a question of law resolved for the first time in this State.

b. **Rule 42(b)(iii)(B).** Washington has not pointed the Court to any conflicting decisions of trial courts on this issue, nor is the Court aware of any.

c. **Rule 42(b)(iii)(C).** The question of law does not relate to the constitutionality, construction, or application of a statute of this State.

d. **Rule 42(b)(iii)(D).** The interlocutory order has not sustained the controverted jurisdiction of this Court.

e. **Rule 42(b)(iii)(E).** The interlocutory order has not reversed or set aside a prior decision of the trial court, a jury, or administrative agency from which an appeal was taken to the trial court which had decided a significant issue, and a review

of the interlocutory order would not terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice.

  f.  **Rule 42(b)(iii)(F).** The interlocutory order did not vacate or open an order of the trial court.

  g.  **Rule 42(b)(iii)(G).** Review of the interlocutory order would not terminate the litigation.

  h.  **Rule 42(b)(iii)(H).** Review of the interlocutory order would not serve considerations of justice.

  **THEREFORE,** Defendant Michael T. Washington's Motion for Certification and Acceptance of Interlocutory Appeal to the Supreme Court in with Rule 42 of that Court is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.
